UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH KLOOCK,

       Plaintiff,

v.                                                                Case No. 04-73610
                                                                  Hon. John Corbett O'Meara

JOHN E. POTTER,

       Defendant.

_____/


## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Plaintiff, a postal worker, filed three administrative complaints against his employer, the United States Postal Service. He was awarded damages after appealing to the United States Equal Employment Opportunity Commission ("EEOC"). Plaintiff alleges that the damages compensated him for only one of the three charges and filed this suit to recover damages for the other two charges. Defendant, the U.S. Postmaster General, filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on March 24, 2005. Plaintiff filed a response on May 16, 2005, and defendant filed a reply on May 26, 2005. The court heard oral argument on June 22, 2005. Because this lawsuit was filed untimely, defendant's motion to dismiss is granted.

### Background

Plaintiff alleged discriminatory and retaliatory treatment by the Postal Service arising from three separate claims. The first two claims alleged that Plaintiff was discriminated against on the basis of a disability (a herniated disc) when he was denied the right to hold a postal route (claim one) and given notice of removal for failure to follow instructions and being absent without leave (claim two). Plaintiff filed complaints with the EEOC on these two claims in the

spring of 1995.  The Postal Service found that it was not liable, but on December 10, 1998, the EEOC reversed the Postal Service's decision on appeal.  The EEOC ordered the Postal Service to conduct a supplemental investigation regarding Plaintiff's damages.

Plaintiff's third EEOC claim alleged discrimination based on disability and reprisal for previous EEOC claims when the Postal's Service issued him a Notice of Separation - Disability on October 24, 1995.  This claim was litigated separately from claims one and two.  The Postal Service again found that it was not liable, but the EEOC reversed the Postal Service on appeal on September 23, 1999.  The plaintiff requested a reconsideration of this order to clarify compensatory damages.  On April 8, 2002, the Commission ordered a supplemental investigation pertaining to plaintiff's compensatory damages.

On October 28, 2002, the Postal Service issued a Final Agency Decision ("FAD") regarding Plaintiff's Claim 3 and determinated that petitioner was entitled to $5,000 in compensatory damages.  On February 5, 2004, the EEOC modified the Postal's Serviced damages award and ordered it  to pay $150,000 in non-pecuniary compensatory damages, as well as $2,703.46 in pecuniary compensatory damages.  The only FAD technically before the EEOC was the third claim.  However, the text of the EEOC decision clearly exhibits that it intended to address pecuniary damages arising from all three claims, which essentially formed one series of operative events leading to Plaintiff's termination.  Plaintiff filed a Petition for Enforcement of the EEOC's decision and included in that petition a request for clarification with respect to whether the February 5, 2004 decision covered compensatory damages for all three claims.  On June 16, 2004, the EEOC filed a decision on the petition for enforcement, holding that although the Postal Service never issued a FAD with respect to the EEOC's 1998 order on claims one and

two, the EEOC's February 5, 2004 order's award of compensatory damages covered all three claims. The EEOC noted that the record contained completed supplemental investigations pertaining to damages arising from all three claims. Moreover, the Postal Service and Plaintiff both presented their arguments with respect to all three claims.

## Law and Analysis

Plaintiff's lawsuit was untimely because it was filed more than ninety days after the EEOC's February 5, 2004 final award of damages. If a federal employee is unhappy with a final decision of the EEOC, he can either file a request for reconsideration with the EEOC or file a civil complaint with a federal district court, but he must do so within 90 days of the final EEOC action. 42 U.S.C. § 2000e-16(c). Plaintiff did not file a request for reconsideration of the February 5, 2004 decision, but merely requested a clarification in a petition for enforcement of the EEOC decision. Such a clarification could not change the meaning of the February 5, 2004 decision. 29 C.F.R. 1614.503(c)(stating that the EEOC may issue a clarification in response to petition for enforcement but that such a clarification "cannot change the result of a prior decision or enlarge or diminish the relief ordered but may further explain the meaning or intent of the prior decision"). Accordingly, despite any language to the contrary in the June 16, 2004 decision, the 90 day clock did not reset when the EEOC issued its decision on Plaintiff's petition for enforcement.

In addition, the court notes that if the lawsuit were timely filed, the Plaintiff would have to relitigate all of his claims de novo. Timmons v. White, 314 F.3d 1229, 1233 (10th Cir. 2003). The complaint currently seeks only to litigate the compensatory damages relating to his administrative claims one and two, but does not seek to relitigate the liability of the Postal

3

Service or the damages resulting from claim three.  A plaintiff bringing a civil action pursuant to 42 U.S.C. § 2000e-16 can not pick and choose the issues he wishes to relitigate, while binding the government on the issues that favor the plaintiff.  Id.; Scott v. Johans, ___ F.3d ___, 2005 WL 1313843 (D.C. Cir. 2005); see also Haskins v. Department of Army, 808 F.2d 1192, 1199 (6th Cir. 1987) (noting that "the district court is not bound by the [EEOC's] administrative findings").  If the plaintiff chose to relitigate his claims, he would have to disgorge the previously awarded compensatory damages, including attorneys fees and back pay for which he has already paid federal income taxes.  Relitigating these claims ten years after they occurred and after damages and the injunctive relief of reinstatement have already been awarded would be an extremely complicated undertaking.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's March 24, 2005 Motion to Dismiss is **GRANTED**.


s/John Corbett O'Meara
John Corbett O'Meara
United States District Judge


Dated:  July 6, 2005

4